# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2023**

**02817**

E-Filing Number: 2308056864

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| DAVID BOGDAN, ADMINISTRATOR OF ESTATE OF CHRISTOPHER BAYLOR | DOREL INDUSTRIES, INC. D/B/A MONBEBE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 500 COTTMAN AVENUE CHELTENHAM CHELTENHAM PA 19012 | 25 FORBES BOULEVARD, SUITE 4 FOXBORO MA 02035 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CHRISTOPHER BAYLOR | DOREL CHINA AMERICA, INC. D/B/A MONBEBE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5328 W. THOMPSON STREET PHILADELPHIA PA 19131 | 2525 STATE STREET COLUMBUS IN 47201 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MIAYA LONG | DOREL JUVENILE GROUP, INC. D/B/A MONBEBE |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 5441 RACE STREET PHILADELPHIA PA 19139 | 25 FORBES BOULEVARD, SUITE 4 FOXBORO MA 02035 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 3 | 9 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal   ☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☐ $50,000.00 or less ☒ More than $50,000.00 | ☐ Arbitration ☒ Jury ☐ Non-Jury ☐ Other: | ☐ Mass Tort ☐ Savings Action ☐ Petition | ☐ Commerce ☐ Minor Court Appeal ☐ Statutory Appeals | ☐ Settlement ☐ Minors ☐ W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** AUG **25** 2023 **C. SMITH** | IS CASE SUBJECT TO COORDINATION ORDER? YES      NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: DAVID BOGDAN, ADMINISTRATOR OF ESTATE OF CHRISTOPHER BAYLOR , CHRI

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| PRINCE HOLLOWAY | 500 COTTMAN AVENUE CHELTENHAM PA 19012 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)663-0400 | (215)663-9112 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 209591 | pholloway@stamponelaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| PRINCE HOLLOWAY | Friday, August 25, 2023, 04:59 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. DOREL INDUSTRIES, INC. D/B/A MONBEBE
     25 FORBES BOULEVARD, SUITE 4
     FOXBORO MA 02035
2. DOREL CHINA AMERICA, INC. D/B/A MONBEBE
     2525 STATE STREET
     COLUMBUS IN 47201
3. DOREL JUVENILE GROUP, INC. D/B/A MONBEBE
     25 FORBES BOULEVARD, SUITE 4
     FOXBORO MA 02035
4. DOREL JUVENILE USA D/B/A MONBEBE
     2525 STATE STREET
     COLUMBUS IN 47201
5. MONBEBE
     2525 STATE STREET
     COLUMBUS IN 47201
6. WAL-MART, INC.
     C/O CT CORPORATION SYSTEM 1209 ORANGE STREET
     WILMINGTON DE 19801
7. WALMART SUPERCENTER STORES, INC.
     220 WHEATSHEAF LANE
     PHILADELPHIA PA 19137
8. JOHN/JANE DOE
     UNKNOWN
     PHILADELPHIA PA 19102
9. ABC CORP 1-10
     UNKNOWN
     PHILADELPHIA PA 19102

**STAMPONE O'BRIEN DILSHEIMER LAW**
By:  Kevin P. O'Brien, Esquire
ID No.: 313081
    Prince P. Holloway, Esquire
ID No.: 209591
    Kristin H. Buddle, Esquire
ID No.: 312284
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
Attorney for Plaintiff

Filed and Attested by the Office of Judicial Records 25 AUG 2023 04:59 pm C. SMITH

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

----------------------------------------------------------

| | |
|---|---|
| DAVID BOGDAN, ESQ. | COURT OF COMMON PLEAS |
| Administrator of the Estate of | PHILADELPHIA COUNTY |
| Christopher Baylor, Deceased | |
| 5328 W. Thompson St. | |
| Philadelphia, PA 19131 | |
| And | |
| Christopher Baylor | |
| 5328 W. Thompson St. | |
| Philadelphia, PA 19131 | |
| And | |
| Miaya Long | |
| 5441 Race Street | |
| Philadelphia, PA 19139 | |
|         Plaintiffs | |
| vs. | AUGUST TERM 2023 |
| DOREL INDUSTIRES, INC., | No. |
| d/b/a Monbebe | |
| 25 Forbes Boulevard, Suite 4 | |
| Foxboro, MA 02035 | |
| And | |
| DOREL CHINA AMERICA INC. d/b/a | |
| Monbebe | |
| 2525 State Street | |
| Columbus, Indiana 47201 | |
| and | |
| DOREL JUVENILE GROUP, INC, d/b/a | |
| Monbebe | |
| 25 Forbes Boulevard, Suite 4 | |
| Foxboro, MA 02035 | |
| and | |

Case ID: 230802817

DOREL JUVENILE USA d/b/a          :
Monbebe                           :
2525 State Street                 :
Columbus, IN 47201                :
and                               :
MONBEBE                           :
2525 State Street                 :
Columbus, IN  47201               :
and                               :
WAL-MART, INC.                    :
c/o CT Corporation System         :
1209 Orange Street                :
Wilmington, DE  19801             :
and                               :
WALMART SUPERCENTER STORES, INC.  :
2200 Wheatsheaf Ln                :
Philadelphia Pa 19137             :
and                               :
JOHN/JANE DOE #1-10 and           :
ABC CORP. #1-10                   :
(Any corporation, individual, entity or   :
fictitious name other than the named      :
Defendants that manufactured, designed, warned,   :
Advertised, or was otherwise responsible for the  :
Safety of the product which is            :
subject of this complaint.)               :
                        Defendants        :

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance person-ally or by attorney and filing in writing with the court your defense objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea a visado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede pero dinero o sus propiedades u otros derechos importantes para usted. |
| You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association | Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal. |

| | |
|---|---|
| Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-1701 | Asociacion de Licenciados<br>de Filadelfia<br>Servicio de Referencia e<br>Informacion Legal<br>One Reading Center<br>Filadelfia, PA 19107<br>(215) 238-1701 |

**STAMPONE O'BRIEN DILSHEIMER LAW**
By: Kevin P. O'Brien, Esquire
ID No.: 313081
    Prince P. Holloway, Esquire
ID No.: 209591
    Kristin H. Buddle, Esquire
ID No.: 312284
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
Attorney for Plaintiff

**THIS IS A MAJOR CASE**
**JURY TRIAL DEMANDED**

---

DAVID BOGDAN, ESQ.           :    COURT OF COMMON PLEAS
Administrator of the Estate of    :    PHILADELPHIA COUNTY
Christopher Baylor, Deceased    :
5328 W. Thompson St.         :
Philadelphia, PA 19131        :
And                        :
Christopher Baylor           :
5328 W. Thompson St.         :
Philadelphia, PA 19131        :
And                        :
Miaya Long               :
5441 Race Street             :
Philadelphia, PA 19139        :
              Plaintiffs    :
        vs.                 :    AUGUST TERM 2023
                        :
DOREL INDUSTRIES, INC.,     :    No.
d/b/a Monbebe            :
25 Forbes Boulevard, Suite 4    :
Foxboro, MA  02035        :
And                        :
DOREL CHINA AMERICA INC. d/b/a  :
Monbebe               :
2525 State Street            :
Columbus, Indiana 47201      :
and                       :
DOREL JUVENILE GROUP, INC. d/b/a :
Monbebe               :
25 Forbes Boulevard, Suite 4    :
Foxboro, MA 02035        :
and                       :

DOREL JUVENILE USA d/b/a            :
Monbebe                             :
2525 State Street                   :
Columbus, IN 47201                  :
and                                 :
MONBEBE                             :
2525 State Street                   :
Columbus, IN  47201                 :
and                                 :
WAL-MART, INC.                      :
c/o CT Corporation System           :
1209 Orange Street                  :
Wilmington, DE  19801               :
and                                 :
WALMART SUPERCENTER STORES, INC.    :
2200 Wheatsheaf Ln                  :
Philadelphia Pa 19137               :
and                                 :
JOHN/JANE DOE #1-10 and             :
ABC CORP. #1-10                     :
(Any corporation, individual, entity or   :
fictitious name other than the named      :
Defendants that manufactured, designed, warned,   :
Advertised, or was otherwise responsible for the   :
Safety of the product which is      :
subject of this complaint.)         :
                    Defendants      :


## COMPLAINT

1.      Plaintiff, David Bogdan, Esquire, is an individual and citizen of the

Commonwealth of Pennsylvania, with an address for service located at 500 Cottman Ave,

Cheltenham, PA 19012.

2.      Plaintiff, Christopher Baylor Sr., is an individual and citizen of the

Commonwealth of Pennsylvania, with an address for service located at 5328 W. Thompson

Street, Philadelphia, PA 19131 and was, at all times relevant hereto, the biological and legal

father of the Plaintiffs' Decedent.

Case ID: 230802817

3.     Plaintiff, Miaya Long, is an individual and citizen of the Commonwealth of Pennsylvania, with an address for service located at 1928 S. 57th Street, Philadelphia, PA 19143, and was, at all times relevant hereto, the biological and legal mother of the Plaintiffs' Decedent.

4.     At all times relevant hereto, Dorel Industries Inc. d/b/a Monbebe is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 25 Forbes Boulevard, Suite 4 Foxboro, MA 02035.

5.     At all times relevant hereto, Defendant, Dorel China America Inc. d/b/a Monbebe, is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the State of Indiana with a principal place of business located at 2525 State Street, Columbus, IN 47201.

6.     At all times relevant hereto, Defendant, Dorel Juvenile Group, Inc. d/b/a Monbebe, is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the State of Massachusetts, with a principal place of business located at 25 Forbes Boulevard, Suite 4, Foxboro, MA 02035.

7.     At all times relevant hereto, Defendant, Dorel Juvenile USA d/b/a Monbebe, is alleged and therefore averred to be a corporation, partnership, ficticous name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the State of Indiana, with a principal place of business located at 2525 State Street, Columbus, IN 47201.

8.      At all relevant times hereto, Defendant, Monbebe, is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the State of Indiana, with a principal place of business located at 2525 State Street, Columbus, IN 47201.

9.      At all times relevant hereto, Defendant, Wal-Mart, Inc. is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the State of Delaware with a principal place of business located at 1209 Orange Street Wilmington, Delaware.

10.     Walmart Supercenter Stores Inc. is alleged and therefore averred to be a corporation, partnership, fictitious name and/or other business entity licensed to transact business in the Commonwealth of Pennsylvania, organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 2200 Wheatsheaf Lane, Philadelphia, PA 19137.

11.     Defendant, John/Jane Doe #1-10, is/are a fictitious name currently used to designate one or more unknown parties to this action, is/are alleged and therefore averred to be an individual, citizen, corporation, partnership and/or other business entity who manufactured, designed, warned, advertised or was otherwise responsible for the safety of the product and its component parts and/or placing it into the stream of commerce and whose name or identity is not known and has not yet been discovered despite the exercise of reasonable diligence.

12.     Defendant, ABC Corp. #1-10, is/are a fictitious name currently used to designate one or more unknown parties to this action, is/are alleged and therefore averred to be an individual, citizen, corporation, partnership and/or other business entity who manufactured,

Case ID: 230802817

designed, warned, advertised or was otherwise responsible for the safety of the product and its component parts and/or placing it into the stream of commerce and whose name or identity is not known and has not yet been discovered despite the exercise of reasonable diligence.

13.     These Defendants shall hereinafter be known as the "product Defendants" or the "product liability Defendants."

14.     Venue is proper in the City and County of Philadelphia as the Plaintiffs' Decedent died at 5328 W. Thompson Street, Philadelphia, PA 19131.  Pa R.C.P. 2179 (a) (3-4).

15.     Venue is proper in the City and County of Philadelphia as Defendant Wal-Mart and Walmart SuperCenter Stores Inc. supplied said product in Philadelphia County at the above referenced address, they can be served at the above referenced address, and has in fact been served with process at 2200 Wheatsheaf Lane Philadelphia Pa 19137.  Pa R.C.P. 1006 (a)(1).

16.     Venue is proper in the City and County of Philadelphia as the product liability Defendants regularly conduct business in Philadelphia County.  Pa R.C.P. 2179 (a) (2).

17.     Plaintiffs' Long and Baylor were registered for baby gifts through a gift registry with the Wal-Mart Defendant(s) and were gifted a product known as the "Monbebe Flex Deluxe Playard" (hereinafter referred to as "the product").

18.     At all times material hereto Monbebe Flex Deluxe Playard was manufactured, marketed, sold, advertised, developed and otherwise placed into the stream of commerce by the product liability Defendants.

19.     The product was advertised, marketed, and otherwise held out to be a product which was safe for infants to sleep in.

**CHRISTOPHER BAYLOR DIES AS A RESULT OF THIS DANGEROUS PRODUCT**

20.     Christopher Baylor, Jr., was born on May 6, 2021.

Case ID: 230802817

21.     Christopher Baylor, Jr. (hereinafter referred to as Plaintiffs' Decedent) died on August 28, 2021.

22.     Plaintiffs' Decedent was the first child of Miaya Long and Christopher Baylor, a couple who lives in the West Philadelphia section of Philadelphia County.

23.     On or about August 28, 2021, Miaya Long and Christopher Baylor were at home when Plaintiffs' Decedent had fallen asleep in his father's arms.

24.     At approximately 9:00 a.m., Mom (Miaya Long) walked into the room, saw Plaintiffs' Decedent in his dad's arms and removed Plaintiffs' Decedent from dad and placed him in the product and went back to sleep.

25.     At around 11:00 a.m., Mom walked into the room to check on Plaintiffs' Decedent who was found face down in the product, and was not breathing.

26.     Mom and Dad had rushed Plaintiffs' Decedent to Lankenau Hospital.

27.     Mom and Dad had rushed the child to Lankenau Hospital and the Plaintiffs' Decedent was unresponsive, pulseless and pronounced dead at 12:03 p.m. on August 28, 2021.

28.     The Plaintiffs' Decedent died because of the negligence, carelessness, wanton, and reckless conduct of the Defendants and the sale and distribution of their defective and dangerous product which was not safe for its intended and foreseeable use as an infant sleeping product.

29.     As a further result of the aforesaid, Plaintiffs' Decedent was obliged to receive and undergo medical attention and care, including rehabilitation, hospitalization, surgical procedures, which caused his parents and Estate to incur various and diverse medical expenses.

Case ID: 230802817

30.     As a further direct and proximate result of the negligence, carelessness, wanton, and reckless conduct of the Defendants, Plaintiffs' Decedent suffered great physical pain and suffering, trauma, mental anguish, embarrassment and humiliation.

31.     As a further direct and proximate result of the negligence, carelessness, wanton, and reckless conduct of the Defendant, Plaintiffs' Decedent's daily activities, occupation and usual life's pleasures were forever extinguished.

32.     As a further direct and proximate result of the negligence, carelessness, wanton, and reckless conduct of the Defendants, Plaintiffs' Decedent's earnings, earning capacity and employment opportunities were terminated.

33.     As a further direct and proximate result of the negligence, gross negligence, recklessness and/or carelessness of the Defendants, Christopher Baylor incurred liability for emergency medical services, funeral, and household expenses.

## COUNT I – STRICT LIABILITY

### DAVID V. BODGAN ADMINISTRATOR OF THE ESTATE OF CHRISTOPHER BAYLOR JR., DECEASED, CHRISTOPHER BAYLOR AND MIAYA LONG VS. ALL DEFENDANTS

34.     Plaintiffs incorporate by reference the preceding paragraphs as if the same were set forth fully herein.

35.     At all times relevant hereto the Monbebe Flex Deluxe Playard was jointly and/or severally designed, manufactured, fabricated, assembled, advertised, sold, and/or distributed by Defendants during and in the ordinary course of business.

36.     Said product as well as its component parts did reach Plaintiffs' Decedent, his parents Miaya Long and Christopher Baylor, who were intended foreseeable users and caused

Case ID: 230802817

injury and the wrongful death of Plaintiffs' Decedent in a condition substantially unchanged from that in which it was manufactured, designed, fabricated, assembled, sold and/or distributed.

37.     The injuries and damages sustained by the Plaintiffs as set forth above, were the direct result of the defective and dangerous conditions existing at the time of the joint and/or several design, manufacture, fabrication, assembly, advertisement, sale and/or distribution by Defendant, acting as aforesaid, which conditions and/or defects are incorporated herein.

38.     Defendants are strictly liable pursuant to Section 402(a) of the Restatement of Torts, Second as said product was defective and unreasonably dangerous at the time it was distributed and Defendants failed to warn Plaintiffs' Decedent and other users of the aforementioned defects and dangers.

39.     Prior to the sale of the subject product, and the death of the Plaintiffs' Decedent, Defendants knew, or should have known with adequate inspection and/or testing, that the product was in a defective and dangerous condition and that because of the defects, the product could not be used safely for the purposes for which it was intended.

40.     The risk of the defective and dangerous design of the subject product outweighed the utility of the design, such that a reasonable person would conclude that the probability and seriousness of harm arising from the product's design outweighed the burden or cost of taking precautions.

41.     The defective and dangerous condition of the subject product was unknowable and unacceptable to the average or ordinary consumer and was a condition upon normal use that was dangerous beyond the contemplation of a reasonable consumer and therefore the product was defective under the consumer expectations test.

42.     The product was manufactured, designed, fabricated, assembled, distributed, marketed, promoted, advertised, sold and/or inspected by the Defendants and also failed to contain proper warnings and instructions regarding the use of and all dangers associated with the use and operation of the product.

43.     The product was also defective due to inadequate post-marketing warning or instruction because, after the Defendants knew or should have known of the risk of injury and/or death to users of the product, Defendants failed to provide adequate warnings to users and caretakers of infant users of the product but continued to manufacture, design, fabricate, assemble, distribute, promote and/or sell the product.

44.     As a result of the aforementioned defects and/or other unreasonably dangerous propensities of the product, including improper warnings and instructions on the product and in the operations/use manuals, the Plaintiff 's Decedent was caused to sustain severe, serious and permanent injuries including his wrongful death and damages as set forth above.

WHEREFORE, Plaintiffs demand judgment against ALL Defendants , their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

## COUNT II – BREACH OF WARRANTY

### DAVID V. BODGAN ADMINISTRATOR OF THE ESTATE OF CHRISTOPHER BAYLOR, DECEASED, CHRISTOPHER BAYLOR AND MIAYA LONG VS. ALL DEFENDANTS

45.     Plaintiffs incorporate by reference the preceding paragraphs as if the same were set forth fully herein.

Case ID: 230802817

46.    Defendants expressly and impliedly warranted that the product was safe and fit for the particular purpose for which it was made.

47.    Defendant's breach of contract/warranty consisted, *inter alia*, of selling a defective and dangerous product.

48.    Plaintiffs, in using this product, relied on the skill, judgment, representations and foregoing implied and express warranties of the Defendants. Said warranties and representations were false in that the aforementioned product was not safe; was un-merchantable; and was unfit for the ordinary purpose and uses for which it was intended and caused Plaintiff's injuries.

49.    Prior to the time the product was used by the Plaintiffs' Decedent and his family members and caretakers, the Defendants had implied warranties to the public that the said product was of merchantable quality and safe and fit for the use for which it was intended.

50.    The product was neither safe for its intended use nor of merchantable quality, as warranted by Defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user and/or persons in close proximity.

51.    The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiff as set forth above.

WHEREFORE, Plaintiffs demand judgment against ALL Defendants, their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

### COUNT III – NEGLIGENCE

### DAVID V. BODGAN ADMINISTRATOR OF THE ESTATE OF CHRISTOPHER BAYLOR, DECEASED CHRISTOPHER BAYLOR AND MIAYA LONG VS. ALL DEFENDANTS

Case ID: 230802817

52.   Plaintiffs incorporate by reference all preceding paragraphs as if the same were set forth fully herein.

53.   The negligence, carelessness, wanton, and reckless conduct of the product liability Defendants, their agents, ostensible agents, servants, workmen, contractors, officers and/or employees, consists of, but is not limited to, the following:

a.   failing to properly design the subject product;

b.   failing to properly test the subject product;

c.   failing to properly manufacture the subject product;

d.   failing to warn of the dangers of using the subject product;

e.   failing to consult with physicians, biomechanical engineers and/or human factors engineers in the design, testing, manufacture and marketing of the subject product;

f.   recognizing that the subject product would increase the risk of injury and/or death as a result of positional asphyxia and/or suffocation;

g.   selling the subject product notwithstanding defendants' recognition that use of the subject product would increase the risk of injury and/or death as a result of positional asphyxia and/or suffocation;

h.   intentionally, willfully and recklessly disregarding defendants' actual knowledge of the increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the subject product;

i.   intentionally, willfully and recklessly concealing from consumers the known increased risk of injury and/or death as a result of positional asphyxia and/or suffocation from use of the subject product;

j.   intentionally, willfully and recklessly failing and refusing to alter the design of the subject product to reduce the risk of injury and/or death as a result of asphyxia and/or suffocation from use of the subject product;

k.   intentionally, willfully and recklessly exposing infants to the known increased risk of injury and/or death as a result of asphyxia and/or suffocation from use of the subject product;

l.   intentionally, willfully and recklessly misrepresenting the character and nature of the subject product, including the risks associated with its use;

Case ID: 230802817

m.  intentionally, willfully and recklessly disregarding the safety of consumers;

n.  to ensure that the subject product complied with all applicable voluntary and mandatory industry standards, statutes and regulations;

o.  failing to provide adequate warnings and/or instructions;

p.  failing to warn about the risks of suffocation, asphyxia, or rebreathing;

q.  failing to provide the subject product with all elements necessary to make it safe for its intended and foreseeable uses;

r.  failing to warn purchasers and users of the subject product's inadequate and unsafe design;

s.  disregarding available information demonstrating that the design of the subject product created an unacceptable risk of injury and/ or death to users of the product;

t.  failing to provide a reasonably safe product; and

u.  failing to recall the subject product in a timely manner.

54.  Prior to the product being placed into the stream of commerce which caused the Plaintiffs' Decedent's death, the product liability Defendants had actual knowledge that the product defective and dangerous such that it could not be used safely for the purposed for which it was intended.

55.  Defendants knew that this product created a high degree of risk of physical harm to infants but continued to sell it anyway, placing profits and money before the safety of children.

56.  These actions set forth above were negligent, careless, reckless, willful, wanton and deliberate and increased the risk of harm to the users of these products and were substantial factors and the cause of the Plaintiffs' Decedents injuries, damages, losses and wrongful death.

WHEREFORE, Plaintiffs demand judgment against ALL the Defendants, their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty

Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages,

costs and such other further relief the Court shall deem appropriate.

### FIRST CAUSE OF ACTION – WRONGFUL DEATH

### DAVID V. BODGAN ADMINISTRATOR OF THE ESTATE OF CHRISTOPHER BAYLOR, DECEASED, CHRISTOPHER BAYLOR AND MIAYA LONG V. ALL DEFENDANTS

57.     Plaintiffs incorporate by reference the preceding paragraphs as though each were

set forth herein at length.

58.     Plaintiffs bring this action pursuant to the Wrongful Death Act 42 Pa. C.S.A.

Section 801 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

59.     The names and last known addresses of all persons who may be entitled by law to

recover damages, as well as their relations to decedent Christopher Baylor are as follows:

Christopher Baylor          (Father)
5328 W. Thompson St.
Philadelphia, PA 19131

Miaya Long                  (Mother)
5441 Race Street
Philadelphia, PA 19139

60.     As a direct and proximate result of the foregoing, the Decedent's Wrongful Death

beneficiaries have been, continue to be, and will in the future be deprived of his counsel,

services, companionship, and society.

61.     As a direct and proximate result of the Defendants' negligence and carelessness as

set forth above, which is incorporated herein, Christopher Baylor's Wrongful Death beneficiaries

suffered, are suffering, and will, for an indefinite period of time in the future suffer damages,

injuries and losses including but not limited to, a loss of financial support, and the beneficiaries

have been wrongfully deprived of the contributions they would have received from him, including monies which he would have provided for items such as clothing, food, shelter, medical care, education and entertainment, recreation and gifts.

62.    As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Christopher Baylor's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care and medications, and funeral and other expenses related to his death.

WHEREFORE, Plaintiff, David V. Bogdan, Esq., demands judgment against all the Defendants, their agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay damages, costs and such other further relief the Court shall deem appropriate.

## SECOND CAUSE OF ACTION – SURVIVAL ACTION

### DAVID V. BODGAN ADMINISTRATOR OF THE ESTATE OF CHRISTOPHER BAYLOR, DECEASED, CHRISTOPHER BAYLOR AND MIAYA LONG V. ALL DEFENDANTS

63.    Plaintiffs incorporate by reference the preceding paragraphs as though each were set forth herein at length.

64.    Plaintiffs bring this action on behalf of the Estate of Christopher Baylor, deceased, by virtue of the Survival Act, 42 Pa. C.S.A. . § 8302, and claims all benefits of the Survival Act on behalf of Christopher Baylor's Estate and other persons entitled to recover under law.

65.    As a direct and proximate result of the Defendants' negligence and carelessness as set forth above, which is incorporated herein, Plaintiffs' claims on behalf of the Estate of

Christopher Baylor, all damages suffered by the Estate by reason of the death of Christopher

Baylor, including without limit the generality of the following: the severe injuries to Christopher

Baylor which resulted in his death; the anxiety, horror, fear of impending death, mental

disturbance, pain, suffering and other intangible losses which Christopher Baylor suffered prior

to his death; the loss of past, present and future earning capacity suffered by Christopher Baylor

from the date of his death until the time in the future he would have lived had he not died as a

result of the injuries he sustained; expenses for medical care; the loss and total imitation and

deprivation of his normal activities, enjoyment of life, pursuits and life's pleasures from the date

of his death until such time in the future as he would have lived had he not died as a result of the

injuries sustained.

WHEREFORE, Plaintiffs demand judgment against ALL Defendants, their

agents, servants, workmen and/or employees, jointly and/or severally, in an amount in excess of

Fifty Thousand ($50,000.00) Dollars in compensatory damages, punitive damages, delay

damages, costs and such other further relief the Court shall deem appropriate.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER LAW**

BY:_____/s/_____
           KEVIN P. O'BRIEN, ESQUIRE
           PRINCE P. HOLLOWAY, ESQUIRE
           KRISTIN H. BUDDLE, ESQUIRE
           Attorneys for Plaintiff

Dated: August 25, 2023

DocuSign Envelope ID: 7D3F40CB-A415-4593-BA4C-C5B9499E9C72

## **VERIFICATION**

Christopher Baylor states that he is the Plaintiff in the within action and that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief, and acknowledges that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

_8 / 25 / 2023_
Date

CHRISTOPHER BAYLOR

DocuSign Envelope ID: C86574D8-31A1-4BBF-8342-D7A62C439F11

## VERIFICATION

Miaya Long states that she is the Plaintiff in the within action and that the statements
made in the foregoing pleading are true and correct to the best of her knowledge, information
and belief, and acknowledges that the statements therein are made subject to the penalties of 18
Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

8|25|2023
_____
Date

_____
MIAYA LONG

Case ID: 230802817

## VERIFICATION

David Bogdan, Administrator of the Estate of Mauro Ismalej, deceased, states that he is the Plaintiff in the within action and that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief, and acknowledges that the statements therein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

08/25/2023
Date

DAVID BOGDAN, ESQUIRE

# EXHIBIT "B"

**STAMPONE O'BRIEN DILSHEIMER LAW**
BY:  KEVIN P. O'BRIEN, ESQUIRE
ID NO.:  313081
500 Cottman Avenue
Cheltenham, PA 19012
(215)663-0400
----------------------------------------------------

*Filed and Attested by the*
*Office of Judicial Records*
*13 SEP 2023 01:50 pm*
*S. GILLIAM*

David Bogdan, Esq., Administrator of the
Estate of Christopher Baylor, Deceased, et al

v.

Dorel Industries, Inc., d/b/a Monbebe, et al

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

AUGUST TERM, 2023

No.:  02817

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF MONTGOMERY

I, KEVIN P. O'BRIEN, ESQUIRE hereby depose and state that I did cause a true and correct copy of Plaintiff's Complaint in Civil Action to be served upon Defendant, Walmart, Inc. via certified mail return receipt at their address c/o CT Corporation, 1209 Orange Street, Wilmington, DE 19801 on September 6, 2023.

A true and correct copy of the Green Card is Attached hereto.

_____
KEVIN P. O'BRIEN, ESQUIRE

Sworn to and Subscribed
Before me this 13th day
Of September , 2023.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
Yarized Santiago, Notary Public
Montgomery County
My Commission Expires February 12, 2027
Commission Number 1207967

Case ID: 230802817

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  RECEIVED  □ Agent  □ Addressee<br>B. Received by *(Printed Name)*  SEP 0 6 2023  C. Date of Delivery |
| 1. Article Addressed to:<br><br>WAL Mart Inc<br>C/o CT Corporation<br>1209 O range St<br>Wilmington DE 19801 | D. Is delivery address different from item 1?  □ Yes<br>If YES, enter delivery address below:  □ No<br><br>CT CORPORATION |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 7995 2305 6706 56 | 3. Service Type  □ Priority Mail Express®<br>□ Adult Signature  □ Registered Mail™<br>□ Adult Signature Restricted Delivery  □ Registered Mail Restricted Delivery<br>☒ Certified Mail®<br>□ Certified Mail Restricted Delivery  ☒ Signature Confirmation™<br>□ Collect on Delivery  □ Signature Confirmation<br>□ Collect on Delivery Restricted Delivery  Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7022 3330 0000 4268 4039 | □ Mail Restricted Delivery |
| PS Form 3811, July 2020 PSN 7530-02-000-9053 | Domestic Return Receipt |

Baylor

Case ID: 230802817

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DAVID BOGDAN, ESQ.,
ADMINISTRATOR OF THE ESTATE OF
CHRISTOPHER BAYLOR, DECEASED,
CHRISTOPHER BAYLOR, and
MIAYA LONG
          Plaintiffs,

    v.

DOREL INDUSTRIES, INC., d/b/a Monbebe,
DOREL CHINA AMERICA INC. d/b/a Monbebe
DOREL JUVENILE GROUP, INC., d/b/a
Monbebe, DOREL JUVENILE USA
d/b/a Monbebe, MONBEBE, WAL-MART, INC.,
WALMART SUPERCENTER
STORES, INC., JOHN/JANE DOE #1-10 and
ABC CORP #1-10 (Any corporation,
individual, entity or fictitious name other than the
named Defendants that manufactured, designed,
warned, Advertised, or was otherwise responsible
for the Safety of the product which is subject of
this complaint).
          Defendants.

CIVIL ACTION

NO.

JURY TRIAL DEMANDED

## DISCLOSURE STATEMENT REGARDING THE CITIZENSHIP OF DEFENDANTS, WALMART, INC. AND WALMART SUPERCENTER STORES, INC., PURSUANT TO FED. R. CIV. P. 7.1(a)(2)

1.     Defendant Walmart Inc. (misidentified in the Complaint as Wal-Mart, Inc.) is a

Delaware corporation with its principal place of business located in Bentonville, Arkansas.

Therefore, it is a citizen of the States of Delaware and Arkansas.

2.     Defendant "Walmart Supercenter Stores, Inc." is not a legally recognized entity and

therefore has no citizenship for diversity purposes. *See, e.g., Gentry v. Sikorsky Aircraft Corp*.,

383 F. Supp. 3d 442, 454 (E.D. Pa. Apr. 18, 2019) (holding defendant that was not a "separate

legal entity" was a nominal defendant disregarded for purposes of diversity jurisdiction); *Jernigan*

1

*v. Ashland Oil Inc.*, 989 F.2d 812, 816–17 (5th Cir. 1993) (alleged corporate entities that do not exist are properly disregarded for diversity purposes, particularly when they are at best a division of some other diverse defendant).

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

MCDONNELL & ASSOCIATES, P.C.

Dated: September 18, 2023          By:     */s/ Gwyneth R. Schrager*
                                           Gwyneth R. Schrager, Esquire
                                           *Attorneys for Walmart Defendants*

2

EXHIBIT "D"

Governor | General Assembly | Courts | Elected Officials | State Agencies



**Department of State: Division of Corporations**

Allowable Characters

**HOME**

Frequently Asked Questions

To retrieve information on a Delaware entity, Key in the name of the entity you are searching. The search results will return both active and inactive entities from our database. This is not an indication of the current status of an entity. The information provided in this application is real time and reflects the information on our database as of the date of the search. When the list of names is returned click the name and the information page will be returned.

The entity information provided on this website, free of charge, consists of the entity name, file number, incorporation/formation date, registered agent name, address, phone number and residency.

However, additional information can be obtained for a fee.

If you would like to order a Certificate of Status, Certified Copy of a filed document or a Plain Copy of same, please contact a Delaware online agent. Please click here.

For more information please read the Frequently Asked Questions page.

---

General Information Name Search

✱ **Required Field**

✱ Entity Name:                                    ✱ File Number:

| walmart supercenter stores, inc. |  or  |                          |

[This field is not case sensitive.]
[For exact searches use quotation marks.]

**Search**

**No Records Found.**

| FILE NUMBER | ENTITY NAME |
|---|---|

The intent of this tool is to provide general entity details. The Division of Corporations strictly prohibits mining data. Excessive and repeated searches that may have a negative impact on our systems and customer experience are also prohibited. Use of automated tools in any form may result in the suspension of your access to utilize this service.

---

For help on a particular field click on the Field Tag to take you to the help area.

site map | privacy | about this site | contact us | translate | delaware.gov

# EXHIBIT "E"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

DAVID BOGDAN, ESQ.,                        CIVIL ACTION
ADMINISTRATOR OF THE ESTATE OF
CHRISTOPHER BAYLOR, DECEASED,
CHRISTOPHER BAYLOR, and                    NO.
MIAYA LONG
      Plaintiffs,
                                           JURY TRIAL DEMANDED
    v.

DOREL INDUSTRIES, INC., d/b/a Monbebe,
DOREL CHINA AMERICA INC. d/b/a Monbebe
DOREL JUVENILE GROUP, INC., d/b/a
Monbebe, DOREL JUVENILE USA
d/b/a Monbebe, MONBEBE, WAL-MART, INC.,
WALMART SUPERCENTER
STORES, INC., JOHN/JANE DOE #1-10 and
ABC CORP #1-10 (Any corporation,
individual, entity or fictitious name other than the
named Defendants that manufactured, designed,
warned, Advertised, or was otherwise responsible
for the Safety of the product which is subject of
this complaint).
      Defendants.

## DECLARATION OF RACHEL A. REMKE

I declare as follows:

1.     My name Rachel Remke.  I am an adult over 18 years of age and am counsel for Dorel Juvenile Group, Inc.

2.     Dorel Industries Inc. is a Canadian corporation.

3.     Dorel China America, Inc. is incorporated in Delaware and has its principal place of business in Columbus, Indiana.

4.     Dorel Juvenile Group, Inc. is incorporated in Massachusetts and has its principal place of business in Foxboro, Massachusetts.

5.     Dorel Juvenile USA is not a legally recognized entity.  *See* a copy of the results from the entity search conducted by the undersigned on September 18, 2023 through the Secretary of State of Indiana for "Monbebe", attached hereto as Exhibit A

-1-

6.     Monbebe is a trade name and also not a legally recognized entity. *See* a copy of the results from the entity search conducted by the undersigned on September 18, 2023 through the Secretary of State of Indiana for "Monbebe", attached hereto as Exhibit B.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: September 18, 2023              /s/ Rachel A. Remke
                                         RACHEL A. REMKE

# EXHIBIT A



# EXHIBIT B



INBiz: your one-stop source for your business.

# EXHIBIT "F"

DAVID BOGDAN, ESQ.
ADMINISTRATOR OF THE ESTATE
OF CHRISTOPHER BAYLOR,
DECEASED, and
CHRISTOPHER BAYLOR, and
MIAYA LONG
               Plaintiffs,

    v.

DOREL INDUSTRIES, INC., d/b/a
Monbebe, et al.
              Defendants.

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

AUGUST TERM, 2023
No: 02817

JURY TRIAL DEMANDED

## CONSENT TO NOTICE OF REMOVAL

It is hereby stipulated and agreed that Defendants, Dorel Industries, Inc., d/b/a Monbebe, Dorel China America, Inc. d/b/a Monbebe, Dorel Juvenile Group, Inc., d/b/a Monbebe, and Monbebe, hereby consent to and join in the Notice of Removal and Removal of the above-captioned matter from the Philadelphia Court of Common Pleas to the United States District Court for the Eastern District of Pennsylvania, which has jurisdiction over the action.

This stipulation and consent agreement may be signed and executed in counterparts.

**MCDONNELL & ASSOCIATES, P.C.**

  */s/ Gwyneth R. Schrager*
Patrick J. McDonnell, Esquire
Gwyneth R. Schrager, Esquire
*Attorneys for Defendants Wal-Mart, Inc.*
*and Walmart Supercenter Stores, Inc.*

**ARENTFOX SCHIFF LLP**

     */s/ Rachel A. Remke*
Jonathan Judge, Esquire
Rachel A. Remke, Esquire
*Attorneys for Defendants Dorel Industries,*
*Inc., d/b/a Monbebe, Dorel China America,*
*Inc. d/b/a Monbebe, Dorel Juvenile Group,*
*Inc., d/b/a Monbebe, and Monbebe*

Dated:   September 18, 2023

Dated:   September 18, 2023